**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 5:23 CR 43** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Kermit B. Harris, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 135). Following an evidentiary hearing held on April 16, 2026, the issue currently before the Court is defendant's assertion that he had instructed his counsel to file a notice of appeal. For the following reasons, the motion is DENIED.

### Facts

Following a trial, the jury found defendant Kermit Harris guilty of the one count in a superseding indictment charging him with being a Felon in Possession of a Firearm and

1

Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The charge included the sentencing allegation that defendant had at least three previous convictions for offenses committed on occasions different from one another that would qualify him for Armed Career Criminal penalties. Defendant was sentenced on July 31, 2024, to a period of incarceration of 78 months followed by three years of supervised release. At sentencing, the parties disputed whether defendant should have been designated an armed career criminal. The Court ultimately determined that the Armed Career Criminal Act did not apply, but the Court found that defendant's violent criminal history with firearms warranted a criminal history level of IV rather than III. With a total offense level of 22 and a criminal history category of IV, the resulting guideline range was 63-78 months.

Defendant did not appeal the judgment. Instead, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. This Court issued a Memorandum of Opinion and Order denying the seven claims for relief asserted in the motion. On April 16, 2026, the Court held an evidentiary hearing on the issue of whether defendant instructed counsel to file an appeal. Assistant U.S. Attorneys Jennifer King and Duncan Brown were present on behalf of the government. Defendant was present and represented by his appointed counsel Edward Mullin. The matter was heard and submitted.

**Discussion**

The Sixth Circuit has noted:

To prevail on an ineffective-assistance claim, a defendant must establish that counsel's performance was deficient and that he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In *Roe v. Flores-Ortega*, 528 U.S. 470, 477-81 (2000), the Supreme Court identified

> two circumstances under which counsel performs deficiently by failing to file a direct appeal. First, "an attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.' " *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Flores-Ortega,* 528 U.S. at 477). Second, an attorney performs deficiently if he fails to consult with his client regarding the advisability of filing an appeal if "either (1) 'a rational defendant would want to appeal,' or (2) the 'defendant reasonably demonstrated to counsel that he was interested in appealing.' " *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). If an attorney fails to file a notice of appeal that a defendant has requested, prejudice is presumed. Flores-Ortega, 528 U.S. at 484.

*Bridges v. United States*, 2025 WL 2911363, at *1–2 (6th Cir. Aug. 29, 2025).

At the evidentiary hearing to determine whether defendant had asked counsel to file an appeal, Attorney Edward Bryan was examined by Ms. King and Mr. Mullin. Mr Bryan was the Assistant Federal Public Defender who represented defendant throughout pretrial litigation, trial, and sentencing hearing. He testified as to the following.[1]

During pretrial preparation, there were concerns regarding whether defendant qualified for treatment under the Armed Career Criminal Act which would have carried a 15-year mandatory minimum sentence - a substantially higher sentence than defendant's estimated sentencing guideline calculation range. Mr. Bryan discussed this issue with defendant.

The case proceeded to trial in April 2024. Mr. Bryan was lead counsel and David Johnson served as co-counsel. Following the guilty verdict, there were discussions with defendant regarding the probation officer's determination in a Presentence Investigation Report ("PSR") that he was not an armed career criminal. The government objected to this PSR finding. At the sentencing held on July 31, 2024, the Court found that defendant did not qualify for treatment under the Armed Career Criminal Act and sentenced him to a term of imprisonment of 78

---

[1] Defendant did not testify at the hearing.

months.

Co-counsel Johnson met with defendant directly after the sentencing. On that same day, he prepared a two-page email to Mr. Bryan and the Federal Public Defender's research attorney outlining the meeting and defendant's desire to file an appeal. (government Ex. 1). As evidenced by the email, Mr. Johnson advised defendant against appealing since defendant could possibly be released from prison within two years. He explained to defendant that if the government appealed and won, defendant would be facing a 15-year sentence. Mr. Johnson also explained to defendant that although he had 14 days to appeal, the Federal Rules of Appellate Procedure gave him additional time in the event the government filed an appeal. Ultimately, defendant agreed to not make any decision at that time and to reconsider only if the government appealed.

As evidenced by Mr. Bryan's calendar (government Ex. 2), he met with defendant on August 5, 2024. He and defendant discussed defendant's interest in appealing. Mr. Bryan advised defendant that if he appealed, the government would likely cross-appeal the sentence and, if successful, the defendant would be sentenced under the Armed Career Criminal Act to at least a mandatory minimum sentence of 15 years' incarceration. Mr. Bryan also explained to defendant that although he had 14 days to file his appeal and the government had 30 days, Rule 4 of the Rules of Appellate Procedure allowed him another 14 days from the government's appeal to file his appeal. Mr. Bryan testified,

> My advice to Mr. Harris was that he should not appeal his conviction or his pretrial motion because of the fact that the judge ruled in his favor at sentencing and that I feared that if the Court of Appeals reversed the judge, he could face a much more severe sentence – that being the 180 months for the Armed Career Criminal.

At the time of defendant's sentencing, the law was not settled regarding the Armed Career

4

Criminal Act. Defendant agreed with Mr. Bryan "that it would be best not to appeal his sentence." Once defendant understood that he had additional time to appeal if the government appealed, he "felt comfortable leaving it be." No further discussions were had regarding this issue. The government did not file an appeal.

In light of Mr. Bryan's testimony, it is clear that he consulted with defendant regarding the filing of a notice of appeal and did not disregard specific instructions to file one. Rather, after defendant indicated to co-counsel Johnson that he wanted to file a notice of appeal, Mr. Bryan met with defendant and explained to him the risk. He assured defendant that if the government appealed, he would still have an opportunity to do so. Defendant agreed that it would not be in his interest to appeal because it could invite a cross-appeal which could result in a significantly higher sentence than the one imposed. This was a distinct possibility given that the law regarding the Armed Career Criminal Act was in flux at the time.

Because defendant did not direct Mr. Bryan to file a notice of appeal and, in fact, no rational defendant would have wanted to appeal considering the risk of a significantly higher sentence, Mr. Bryan did not provide ineffective assistance of counsel. Accordingly, defendant's claim that he had instructed his counsel to file a notice of appeal is rejected.

For these reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

### **Conclusion**

For the foregoing reasons,  defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon

which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).


IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge


Date: 4/28/2026

6